

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

April 6, 1959

Dr. J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. WW-590

Re: Whether the procedure
followed by the Texas
Education Agency in
administration of local
fund assignments is in
compliance with the re-
quirements of Section 5
of Article 2922-16,
Vernon's Civil Statutes.

Dear Dr. Edgar:

We quote from your request for an opinion as fol-
lows:

"The second paragraph of Section 5 of Article
2922-16, reads in part as follows:

'Provided, however, that in any district
containing State University-owned land, . . .
the amount (local fund assignment) assigned to
such school district shall be reduced in pro-
portion that the area included in the above-
named classification bears to the total area of
the district. . . .'

"In further connection therewith said Section
5 provides in part:

'The County Tax Assessor-Collector in each
county, . . . shall certify to the State Commis-
sioner of Education . . . not later than December
1st of each year, the following information: . . .

'(3) The area within each school district
comprised of State University-owned land, . . .'

"The exhibits attached hereto have been pre-
pared to serve as information and other purposes
concerning the manner in which this Agency since
1949-50 and through the school year 1958-59 has
processed local fund assignment, reduction-
adjustments for school districts certified by

County Tax Assessor-Collectors as containing
State University-owned lands and in many
other instances State college-owned lands."

The various exhibits attached to your request
indicate that the Texas Education Agency has allowed an
adjustment in local fund assignments for all lands reported
as State University-owned land, endowed or otherwise, which
is the property of the University of Texas. The exhibits
further show that adjustments have been disallowed for lands
held by other institutions of higher learning.

We believe the procedure followed to be correct.
As we pointed out in Attorney General's Opinion WW-301
(1957), the phrase "State University-owned land" includes
the campus and endowment lands of the University of Texas.
We think the phrase would also include any lands owned by
the University of Texas and under the jurisdiction of the
Board of Regents of the University of Texas, wherever situ-
ated and how so ever acquired. We do not believe, however,
that the phrase would include any lands held by other State
institutions of higher learning. A careful study of your
request, together with the exhibits attached thereto, indicate
that you have followed this construction of the law in making
local fund assignments.

You are therefore advised that your administration
and construction of Section 5 of Article 2922-16, Vernon's
Civil Statutes, is in compliance with the intendment and
requirements of the law as above set forth.

### SUMMARY

The Texas Education Agency is comply-
ing with the intendment and requirements
of Section 5 of Article 2922-16 of
Vernon's Civil Statutes, in making local
fund assignments to school districts.

Very truly yours,

WILL WILSON
Attorney General of Texas

By    *Leonard Passmore*

Leonard Passmore
Assistant

LP:mg

Dr. J. W. Edgar, page 3 (WW-590)


APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

Marvin H. Brown, Jr.
Thomas Burrus
Jot Hodges, Jr.
W. Ray Scruggs

REVIEWED FOR THE ATTORNEY GENERAL
By:  W. V. Geppert